UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COURTNEY RICHMOND,<br><br>Defendant. | 4:24-CR-40139-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AS AMENDED AND DENYING MOTION TO SUPPRESS |

      Defendant, Courtney Richmond, has been charged with possession of a controlled substance with intent to distribute, conspiracy to distribute a controlled substance, and possession of a firearm by a prohibited person. Docket 1. Richmond moves to suppress certain statements that he made to law enforcement and moves to suppress evidence seized from his person, car, and house.[1] *See* Docket 15. The United States opposes Richmond's motions to suppress in part.[2] *See* Docket 24. The court referred Richmond's motion to a

---

[1] The magistrate judge considered two motions to suppress in issuing the Report and Recommendation. *See* Docket 44 at 1-2. Richmond filed a motion to suppress on December 12, 2024, while he was acting pro se. *See* Docket 15. On December 20, 2024, attorney Michael Hanson was appointed to represent Richmond in this matter, *see* Docket 21, and subsequently filed another motion to suppress, *see* Docket 30. As such, the magistrate judge properly considered both motions to suppress, and this court will review both motions in conducting its de novo review of the Report and Recommendation.

[2] The United States agrees with Richmond that any statements Richmond made while inside the DEA office should be suppressed and cannot be used as evidence during its case in chief. *See* Docket 44 at 22-23; *see also* Docket 52 at 1.

magistrate judge under 28 U.S.C. § 636(b)(1)(B). After holding an evidentiary hearing, the magistrate judge recommended that Richmond's motions to suppress be denied. Docket 44. Richmond then filed objections to the magistrate judge's report.[3] Dockets 48, 51. The United States responded. Docket 52. And Richmond filed a reply. Docket 55. After a de novo review of the Report and Recommendation and the record in this case, the court adopts the Report and Recommendation as amended herein and denies Richmond's motions to suppress.

## LEGAL STANDARD

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 59 of the Federal Rules of Criminal Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Because motions to suppress evidence are considered dispositive matters, a magistrate judge's recommendation regarding such a motion is subject to de novo review. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). In conducting a de novo review, this court may "accept, reject, or modify, in

---

[3] Richmond filed a document entitled "Suppression of Cases 424-CR-44005-01, CR424-40139 and Recommendation." Docket 48 at 1. Because Richmond was again acting pro se at the time of the filing and filed no other document that can be construed as objections to the Report and Recommendation, the court construes the document at Docket 48 as Richmond's objections to the Report and Recommendation. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.' ") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Similarly, the court will also consider Richmond's supplement to his objections. *See* Docket 51.

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## FACTS

Richmond did not explicitly file objections to the facts set forth by the magistrate judge in the Report and Recommendation. *See generally* Docket 48. After a de novo review of the transcript of the evidentiary hearing and the exhibits received into evidence, *see* Dockets 39-40, the court adopts the facts as set forth in the magistrate judge's Report and Recommendation, *see* Docket 44 at 2-11.

## DISCUSSION

Magistrate Judge Duffy thoroughly reviewed Richmond's claims, the evidence submitted, and the governing law. *See* Docket 44. After reviewing this matter de novo, the court holds that the magistrate judge's recommendations are sound.

But the court does not adopt one of Magistrate Judge Duffy's conclusions and the basis for that conclusion. Specifically, the magistrate judge concluded that "the arrest of Mr. Richmond by state authorities on state charges on December 14, 2023, was supported by probable cause." *Id.* at 21. The court does not need to reach this issue because the United States has agreed (1) that Richmond made no statements while in the police vehicle, Docket 40 at 111, and (2) that the statements Richmond made while at the DEA office should be suppressed and not used in the United States' case-in-chief, Docket 44 at 22. If

Richmond had been erroneously arrested after being pulled over in his Yukon while law enforcement executed the search warrant at his Sioux Falls residence, the proper remedy would be to suppress any statements he made thereafter as fruit of an illegal arrest. *United States v. Patane*, 542 U.S. 630, 641-42 (2004); *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963). Thus, even if Richmond's arrest was illegal, the United States has agreed that the fruits derived thereafter will not be offered in its case-in-chief. As such, the court does not need to reach the issue of whether Richmond's arrest during the traffic stop was supported by probable cause.

Turning to his objections, Richmond advances several arguments attacking the testimony provided by Detective Rogers at the evidentiary hearing. Docket 48 at 2-3. Richmond specifically takes issue with Detective Rogers' testimony regarding a confidential informant's (CI) controlled buy of methamphetamine from Anthony Nguyen—Richmond's former co-defendant— and Richmond that occurred on October 3, 2023. *Id.* at 3-4. As the magistrate judge noted in the report, Detective Rogers testified that Nguyen arrived at the location of the controlled buy while seated in the passenger seat of Richmond's gold or tan GMC Yukon SUV. Docket 44 at 3; Docket 40 at 12. Detective Rogers testified that Nguyen exited the Yukon, handed the CI methamphetamine, reentered the Yukon, and left the area. Docket 44 at 3; Docket 40 at 12-13. Detective Rogers also testified that law enforcement found many drug-related messages between Nguyen and Richmond that discussed drug weights and prices on Nguyen's cell phone. Docket 44 at 4; Docket 40 at 16. As a result,

4

investigators believed that Richmond was Nguyen's source of methamphetamine supply. Docket 44 at 4; *see* Docket 40 at 15-17.

Richmond contends that Detective Rogers' testimony was improper because (1) no surveillance video or pictures exist as evidence of the controlled purchase, Docket 48 at 2; (2) Rogers incorrectly stated the date of the controlled buy, *id.*; (3) law enforcement could not definitively conclude Richmond was driving the vehicle due to the Yukon's dark window tint, *id.* at 3; (4) Rogers never specified the weight of the drugs sold during the controlled buy, *id.*; (5) Rogers only testified that it was Nguyen, and not Richmond, who sold drugs to the CI, *id.* at 4; (6) Rogers never provided any evidence of text messages between Nguyen and Richmond that discussed drug weights and prices, *id.* at 5; and (7) Rogers stated that law enforcement obtained a warrant to search Richmond's person when, in fact, there was no such provision in the warrant to search his person,[4] Docket 51 at 1.

Richmond's arguments concerning Detective Rogers' testimony are misplaced when considered in the context of this court's de novo review of the magistrate judge's Report and Recommendation. Richmond's arguments generally relate to Detective Rogers' credibility and are better suited for a jury

---

[4] In support of this argument and relevant here, Richmond attached a copy of one search warrant that was introduced into evidence at the evidentiary hearing. *See* Docket 51-1 at 1-2. Although Richmond is correct that one search warrant did not allow law enforcement to search his person, another search warrant, executed at the same time, did allow law enforcement to search Richmond's person. *See* Docket 39 at 11-12 ("YOU ARE THEREFORE commanded to search . . . [t]he person of Courtney Richmond DOB 10/9/76.").

5

to determine at trial. Even if Richmond's arguments are construed as factual objections to the magistrate judge's report, the objections are overruled. The report accurately portrays the testimony provided by Detective Rogers at the evidentiary hearing. *Compare* Docket 44 at 4 (Report and Recommendation), *with* Docket 40 at 8-79 (transcript of Detective Rogers' testimony during evidentiary hearing).

Richmond also maintains that the prosecutor has failed to provide him with the discovery in this matter in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Docket 48 at 6. Specifically, Richmond states that he "went to the [D]epartment of Justice [b]uilding to see the discovery and the prosecutor . . . did not make it available to [him] so that he can defend himself. The date was Dec[ember] 9, 2025 [sic]." *Id.* In response, the United States explains that "Richmond reviewed discovery at the U.S. Attorney's Office on April 7, 2025, and was scheduled to do so again on April 18, 2025, but provided notice that he was not coming." Docket 52 at 2. Richmond's argument, according to the United States, is factually inaccurate because this matter did not have a discovery order in place until December 18, 2024. *Id.*; *see also* Docket 19 (Discovery order).

The court agrees with the United States. Richmond's argument is logically defective because, even assuming Richmond intended to assert the United States failed to make the discovery available to him on December 9, 2024 (not 2025), the court did not issue a discovery order in this matter until

December 18, 2024. As such, Richmond's argument is without merit and his objection is overruled.[5]

## CONCLUSION

Based on the foregoing, the court adopts Magistrate Judge Duffy's Report and Recommendation as amended and denies Richmond's motions to suppress. Thus, it is

ORDERED that Magistrate Judge Duffy's Report and Recommendation (Docket 44) denying Richmond's motion to suppress is adopted in full as amended by this order. It is

FURTHER ORDERED that Richmond's objections to the Report and Recommendation (Docket 48 and 51) are overruled. It is

FUTHER ORDERED that Richmond's motions to suppress (Docket 15 and 30) are granted in part and denied in part as set forth in Magistrate Judge Duffy's Report and Recommendation.

Dated May 12, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[5] In his objections, Richmond also argues that the indictment should be dismissed because this court is without jurisdiction and the United States has failed to present sufficient evidence. *See* Docket 48 at 5, 7. The court will consider these arguments when it issues its order addressing Richmond's motion to dismiss the indictment at Docket 56. Additionally, Richmond requests that an attorney be appointed to represent him. *Id.* at 8. Richmond, however, has recently retained two attorneys. *See* Docket 61. Richmond's request that an attorney be appointed to represent him is therefore moot.