UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COURTNEY RICHMOND,<br><br>Defendant. | 4:24-CR-40139-KES<br><br>ORDER DENYING MOTION TO DISMISS INDICTMENT |

Defendant, Courtney Richmond, moves to dismiss the indictment filed against him and claims that the United States committed multiple constitutional violations while investigating the case. Docket 56. The United States opposes the motion. Docket 65. For the reasons below, Richmond's motion to dismiss is denied.

**ALLEGED FACTS**

For the purposes of this motion to dismiss, the court considers the following allegations, which were taken from the record of the suppression hearing that was held in this matter on March 21, 2025. *See* Docket 40. But the court reaffirms that Richmond remains innocent of the charges against him, and the court takes no position on the question of his guilt or the veracity of any factual allegation presented by the United States. *See Taylor v. Kentucky*, 436 U.S. 478, 483 (1978) ("The principle that there is a presumption

of innocence in favor of the accused is the undoubted law, axiomatic and elementary.") (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)).

In the fall of 2023, law enforcement discovered that Richmond's former co-defendant, Anthony Nguyen, was a supplier of methamphetamine in Sioux Falls, South Dakota. Docket 40 at 10. On October 3, 2023, law enforcement used a criminal informant to stage a controlled purchase of methamphetamine from Nguyen in the Menards parking lot. *Id.* at 11-12. Surveilling nearby, investigators observed Nguyen arrive while sitting in the passenger seat of a gold GMC Yukon SUV. *Id.* at 12-13. Nguyen exited the Yukon, handed the drugs to the CI, and stated that he needed to leave as "we" have other stops to make. *Id.* at 13, 15. Law enforcement later identified the driver of the gold Yukon as Courtney Richmond and learned that the Yukon was registered in his name. *Id.* at 14. Law enforcement did not obtain photographic or video evidence of the controlled purchase. *See* Docket 65 at 4.

After further investigation, on December 13, 2023, law enforcement obtained two state-issued search warrants. Docket 40 at 22. One warrant authorized the search of Richmond's person, Sioux Falls residence, and three of his vehicles. *Id.* at 24. The other warrant authorized the search of Richmond's residence in Brandon, South Dakota. *Id.* at 22-24. Because the officers were concerned that Richmond carried firearms in his residences, they decided to execute the warrants only after ensuring that Richmond was not present at his Sioux Falls home. *Id.* at 27, 81. As part of the operation, South Dakota Highway Patrol was tasked with initiating a traffic stop of Richmond

shortly after Richmond left his house. *Id.* at 27, 80. The DEA instructed the troopers to stop Richmond, take him into custody, and bring Richmond to the DEA office where the DEA agents would speak with him. *Id.* at 89.

On December 14, 2023, once law enforcement observed Richmond leave his Sioux Falls home, they executed the search warrant.[1] *Id.* at 118-19. Shortly thereafter, the highway patrol pulled Richmond over while he was driving his GMC Yukon. *Id.* at 28, 82. As planned, and before searching Richmond's Yukon, the troopers handcuffed Richmond, searched his person, placed him in the back of a squad car, and transported him to the DEA office while another officer followed in Richmond's Yukon. *Id.* at 83, 87, 128. At no point during the traffic stop or during Richmond's transport to the DEA office did the troopers advise Richmond of his *Miranda* warnings or provide him with a copy of the search warrants. *Id.* at 87-88. At the DEA office, Richmond invoked his right to an attorney. *Id.* at 124. The attempted interview was then terminated, and Richmond was booked into the Minnehaha County Jail. *Id.*

The search of Richmond's Sioux Falls home uncovered cash, a Glock 26 handgun, a digital scale with white residue on it, 229.9 grams of methamphetamine, and baggies with drug residue that tested positive for meth. *Id.* at 28. A search of Richmond's Yukon SUV revealed a loaded black handgun

---

[1] The agencies involved in executing the search warrants were (1) Sioux Falls DEA office, (2) Sioux City DEA office, (3) Brooking Police Department, (4) South Dakota Highway Patrol, and (5) South Dakota DCI. *See* Docket 40 at 119-120.

in the center console of the vehicle and 77 grams of meth in a backpack on the back seat. *Id.* at 56, 125.

On January 4, 2024, a grand jury indicted Richmond and his former co-defendant Anthony Nguyen on one count of conspiracy to distribute a controlled substance in case number 4:24-CR-40005-KES.[2] CR Docket 1. In October 2024, Richmond moved to dismiss that indictment, arguing that he was not given a copy of the indictment at his arraignment. CR Docket 75. The court denied Richmond's motion. *See* CR Docket 101. Meanwhile, on November 14, 2024, the United States opened the current case file against Richmond after a grand jury indicted him with possession of a controlled substance with intent to distribute, conspiracy to distribute a controlled substance, and possession of a firearm by a prohibited person. Docket 1. In December of 2024, the United States moved to dismiss the indictment against Richmond in case file 4:24-CR-40005-KES, explaining that "the interests of justice will be best served by dismissing said Indictment due to the ongoing prosecution in CR 24-40139." CR Docket 103. The court granted the United States's motion to dismiss. Docket 104.

In the present case, Richmond previously moved to suppress certain statements that he made to law enforcement and evidence seized from his person, car, and house. Docket 15. The court granted Richmond's motion in

---

[2] Documents from Richmond's previously dismissed criminal case, *United States v. Richmond*, 4:24-CR-40005-KES, will be cited using the case's assigned docket number preceded by "CR." The court will cite to documents from the current case using the case's assigned docket number.

4

part due to Richmond not being advised of his *Miranda* rights and suppressed any statements made by Richmond at the DEA office. *See* Docket 67 at 7. Otherwise, the remainder of Richmond's suppression motion was denied. *See id.*

Richmond now moves to dismiss the indictment against him and alleges that (1) "the government improperly switched to conspiracy charges after the original charges failed"; (2) "the government committed *Brady* violations by failing to disclose the absence of surveillance evidence"; (3) Richmond's "Fourth Amendment rights were violated by the warrantless arrest";[3] and (4) "the gun charges should be dismissed because the defendant's right to possess firearms has been restored under South Dakota law." Docket 56 at 2-4 (emphasis removed). Richmond states that the "motion is based on multiple, serious constitutional violations that, individually and cumulatively, demonstrate a pattern of government misconduct that has prejudiced the Defendant's right to a fair trial." *Id.* at 1. The government opposes Richmond's motion. Docket 65. The court addresses Richmond's arguments in turn.

---

[3] Richmond's argument that his Fourth Amendment rights were violated is duplicative. *See* Docket 56 at 3-4. The court already addressed this argument in its order adopting the magistrate judge's report and recommendations as amended on Richmond's motions to suppress. *See* Docket 67; *see also* Docket 44. For the reasons stated therein, Richmond's argument fails.

## DISCUSSION

I. **Improperly "switching" to conspiracy charges**

Richmond first states that "[t]he government's decision to bring conspiracy charges after the original distribution charges failed to proceed constitutes an improper attempt to salvage a case built on insufficient evidence." Docket 56 at 2. Richmond argues that the United States's "switch in theories appears to be a direct response to the failure of the original charges." *Id.* Richmond complains that the United States has "not presented any new evidence to support the conspiracy charges" and that, instead, the United States "is attempting to repackage the same evidence." *Id.* Richmond also contends there is a lack of sufficient evidence to establish a conspiracy as a matter of law. *Id.* Finally, Richmond questions the timing of the United States's decision to bring conspiracy charges and accuses the United States of engaging in "vindictive prosecution." *Id.*

The court presumes when Richmond references the "original distribution charges," he is alluding to the charges brought against him under the indictment in case number 4:24-CR-40005-KES. That indictment charged Richmond and former co-defendant Nguyen with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. CR Docket 1. In that case, when the United States moved to dismiss the indictment against Richmond, it explained that "the interests of justice will be best served by dismissing said Indictment due to the ongoing prosecution in CR 24-40139." CR Docket 103.

Richmond's argument here is based on the false premise that "the original distribution charges failed to proceed." Docket 56 at 2. This premise is flawed for two reasons. First, the indictment in case number 4:24-CR-40005-KES never charged Richmond with unlawful distribution. It charged Richmond with conspiracy to distribute 50 grams or more of a mixture or substance containing meth. CR Docket 1. The "original distribution charges" Richmond mentions never existed. Second, the charge alleged in the indictment in case number 4:24-CR-40005-KES did not "fail"—the United States voluntarily moved to dismiss the indictment before the case went to trial to focus on the ongoing prosecution in this case. *See* CR Docket 103. There is nothing unconstitutional about the United States's decision to voluntarily dismiss Richmond's first indictment before trial and then reindict him on other charges related to the same factual circumstances.

Richmond's argument also appears to contend that the current indictment violates the Fifth Amendment's double-jeopardy provision. "[J]eopardy attaches when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence." *United States v. Curry*, 328 F.3d 970, 972 (8th Cir. 2003) (internal quotation marks omitted). Jeopardy never attached here because the United States voluntarily dismissed the first indictment before a jury was empaneled and sworn. As such, the United States's decision to re-indict Richmond on other charges as alleged in the indictment in this case does not constitute double-jeopardy in violation of the Fifth Amendment.

7

Moreover, Richmond's argument regarding the United States's lack of evidence is premature. Such an argument is proper only after the United States has finished presenting evidence at trial. "[U]nless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial[,] the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *United States v. Hemme*, 987 F. Supp. 2d 940, 943 n.2 (D. Minn. 2013) (internal quotation marks and citation omitted). The United States has stated that it intends to put forth its evidence at trial. Docket 65 at 3. This is a valid exercise of the discovery rules in a criminal case. *See United States v. Grubb*, 2025 WL 1154495, at *2 (8th Cir. Apr. 21, 2025) ("[T]he government has no duty to reveal all of its proof before trial. . . . [And] the government is not required to present its case in response to a motion to dismiss.") (citations omitted). Richmond's argument concerning the sufficiency of the evidence is without merit.[4]

Finally, Richmond argues that the United States engaged in vindictive prosecution because the United States filed conspiracy charges "immediately after the failure of the original charges." *See* Docket 56 at 2. But that argument also fails. In addition to the court's explanation as to why the original charges

---

[4] This holding also applies to Richmond's arguments that the indictment should be dismissed because the United States (1) has yet to prove that he has sold drugs or used weapons; and (2) is without jurisdiction because "the government can only bring a case for 50 grams [of meth] or more." *See* Docket 48 at 5, 7. The United States need not disclose all of its evidence in response to a pretrial motion to dismiss, and there is no jurisdictional requirement that the United States must prove a quantity of meth in excess of 50 grams. Richmond's arguments therefore fail.

8

did not "fail," "timing alone is insufficient to trigger the presumption of vindictiveness." *United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015). Because Richmond offers no other evidence of vindictiveness, his argument fails as a matter of law. *See id.* (describing the two ways to prove prosecutorial vindictiveness).

## II.     Failure to disclose the absence of surveillance evidence

Richmond next argues that the indictment should be dismissed because the United States violated *Brady* when it failed to disclose the absence of surveillance evidence. Docket 56 at 3. Richmond alleges that the United States "initially claimed to have surveillance evidence showing the Defendant driving a truck into a parking lot where an alleged drug transaction took place." *Id.* Now that the United States has stated that no such photographic or video surveillance evidence exists, Richmond argues that the United States violated *Brady* by failing to promptly disclose the absence of such evidence. *Id.* In response, the United States maintains that no *Brady* violation has occurred here because the trial has not yet taken place. Docket 65 at 4. The court agrees with the United States.

Under *Brady*, "a defendant must show that the government suppressed exculpatory evidence that was material either to guilt or to punishment." *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005). If there is a reasonable probability that the result of the trial would have been different had the evidence been disclosed to the defense, such evidence is considered material under *Brady*. *Id.* Even so, "*Brady* does not require pretrial disclosure,

9

and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *Id.*

Here, the trial has yet to take place, and the United States has already disclosed to Richmond the lack of photographic and video surveillance evidence from the controlled buy. Because the United States has informed Richmond, prior to trial, that it has no photographic or video surveillance from the controlled buy, there has been no *Brady* violation. Richmond's argument fails.

### III.   Unlawful possession of a firearm

Richmond states that the gun charge in the indictment should be dismissed because his "right to possess firearms has been restored under South Dakota law." Docket 56 at 4. Richmond argues that he "has not had any criminal convictions in over 24 years, well beyond the 15-year threshold established by South Dakota law for restoration of firearm rights." *Id.* at 4-5. Richmond also contends that his "prior conviction was for possession of a small amount of cocaine, not a violent crime or one of the specific drug offenses enumerated in South Dakota Codified Law 22-14-15." *Id.* at 5.

The United States disagrees and argues that Richmond's gun charge under 922(g)(1) should not be dismissed because "Richmond has four felony convictions for possession of a controlled substance, all from Minnesota." Docket 64 at 6. Because Minnesota law dictates gun restoration rights under 18 U.S.C. § 921(a)(20)(B), and because Minnesota law declares a lifetime prohibition on convicted felons from possessing a firearm, the United States

contends that Richmond was prohibited from possessing a firearm under § 922(g)(1). *Id.*

The court holds that Richmond's motion to dismiss the gun charge must be held in abeyance. Under Federal Rule of Criminal Procedure 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). In general, "pretrial motions should be ruled on unless there is 'good cause to defer a ruling.' " *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016) (quoting Fed. R. Crim. P. 12(d)). Good cause exists and a decision should be deferred if the facts necessary to decide the motion are "bound up" with evidence of the alleged offense. *Id.* at 605 (citation omitted). That way, "the court does not get ahead of the jury by resolving factual matters relating to the defendant's guilt or innocence." *Grubb*, 2025 WL 1154495, at *5 (Stras, J. concurring) (citation omitted). But sometimes, if the "relevant factual evidence is 'undisputed in the sense that it is agreed to by the parties,' " pretrial resolution of a motion to dismiss the indictment may be appropriate. *United States v. Baxter*, 127 F.4th 1087, 1091 (8th Cir. 2025) (quoting *United States v. Pope*, 613 F.3d 1255, 1261 (10th Cir. 2010) (Gorsuch, J.) (emphasis omitted)).

Here, the court defers ruling on Richmond's motion to dismiss the indictment charging him under 922(g)(1) until a trial on the merits is held. To secure a conviction under § 922(g)(1), the United States must prove: "(1) the defendant previously was convicted of a crime punishable by a term of imprisonment exceeding one year; (2) he knowingly possessed a firearm; and

11

(3) the firearm traveled in or affected interstate commerce." *United States v. Stanko*, 491 F.3d 408, 412 (8th Cir. 2007). In its brief, the United States alleges facts stating that Richmond "has four felony convictions for possession of a controlled substance, all from Minnesota." Docket 65 at 6. These facts are "bound up" with evidence about whether Richmond was a felon in possession of a firearm. *See Turner*, 842 F.3d at 605. Specifically, determining whether Richmond was convicted of a felony—in Minnesota or elsewhere—is for the jury to determine at trial after hearing all of the facts and evidence.

Nor do Richmond's statements that he "has not had any criminal convictions in over 24 years" or that his "prior conviction was for possession of a small amount of cocaine" affect the court's decision to defer ruling on Richmond's motion to dismiss the gun charge in the indictment. Docket 56 at 4-5. The Eighth Circuit instructs that pretrial resolution may be appropriate if "the relevant factual evidence is 'undisputed in the sense that it is *agreed* to by the parties.'" *Grubb*, 2025 WL 1154495, at *2 (quoting *Baxter*, 127 F.4th at 1091). But the parties here have not agreed to any facts surrounding the commission of the alleged offense, either formally or informally. *See* Docket 56; Docket 65. Because it is the jury's duty to resolve factual matters relating to Richmond's guilt or innocence, the court finds there is good cause to defer ruling on Richmond's motion to dismiss the § 922(g)(1) charge in the indictment until after trial. *See* Fed. R. Crim. P. 12(d).

## CONCLUSION

Based on the foregoing, it is

ORDERED that Richmond's Motion to Dismiss the Indictment (Docket 56) is DENIED.

Dated May 14, 2025.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE