UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COURTNEY RICHMOND,<br><br>Defendant. | 4:24-CR-40139-KES<br><br>ORDER DENYING MOTION TO RECUSE |

Defendant, Courtney Richmond, moves this court to recuse itself. Docket 97. Richmond argues that the court should recuse itself for the following reasons: (1) the court's continued participation despite being notified of exceptions to judicial immunity; (2) the court's inability to fairly adjudicate the case while allegedly being subject to civil and criminal liability; and (3) the defendant's right to an impartial tribunal, rather than one allegedly acting as a co-conspirator. *Id.* at 3-4.

Under 28 U.S.C. § 144, a party may seek recusal of a judge by filing a legally sufficient affidavit that demonstrates a personal bias or prejudice of the judge. *United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir. 1984). "An affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge." *United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970). The alleged bias or prejudice "must stem from an extrajudicial

source and result in an opinion on the merits on some basis other than what the judge learned from h[er] participation in the case." *Faul*, 748 F.2d at 1211.

Even assuming Richmond's motion meets the legal definition of an affidavit, it is factually insufficient. To succeed on a personal bias claim, the movant must allege specific facts, not mere conclusions or generalities. *See Alexander v. Medtronic, Inc.*, 2012 WL 3724052, at *3 (W.D. Mo. Aug. 27, 2012). Richmond, however, does not include any such facts. His affidavit consists almost entirely of legal argument. *See* Docket 97. To the extent that Richmond's affidavit includes factual allegations, they do not rise above the level of conclusions and generalities.

Richmond also indicates recusal is necessary under 28 U.S.C. § 455(a), which requires a judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This section requires disqualification "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Id.* at 664 (citation omitted).

As the Eighth Circuit has held, "[t]he recusal statute does not provide a vehicle for parties to shop among judges . . . [or] require recusal every time a judge commits a procedural error or departs from protocol in some way." *Little*

2

*Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988). In short, the question "is not whether the trial judge committed errors, but whether these errors create a reasonable inference that the Court has lost its impartiality. This question must be answered 'in light of the full record, not simply in light of an isolated incident.' " *Id.* (quoting *In re Federal Skywalk Cases*, 680 F.2d 1175, 1184 (8th Cir. 1982)).

Applying the foregoing principles here, the court finds that Richmond has not met his burden to demonstrate that recusal is appropriate. Richmond's claims are brief and generalized, and they fail to explain how the court's alleged errors affect its ability to remain impartial. Even if the court did commit an alleged error, that error alone is not sufficient to show the type of prejudice or bias that warrants recusal. These alleged errors are best addressed on appeal. Thus, it is

ORDERED that defendant's motion (Docket 97) is DENIED.

DATED October 21, 2025.

                              BY THE COURT:

                              */s/ Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE