UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COURTNEY RICHMOND,<br><br>Defendant. | 4:24-CR-40139-KES<br><br><br><br>ORDER DENYING MOTION TO RECUSE AND DENYING MOTION FOR DEFAULT RULING |

Defendant, Courtney Richmond, moves this court to recuse itself. Docket 124. Richmond argues that the court should recuse itself for the following reasons: (1) it is continuing the allegedly unconstitutional actions of a recused magistrate judge; (2) it has enabled a pattern of prosecutorial misconduct; (3) it has ignored the ineffective assistance of counsel; and (4) it is involved in a conflict of interest. *Id.* at 2-3. Richmond also seeks a default ruling on his motions to dismiss (Dockets 96 and 100) because, he alleges, the United States failed to respond. Docket 125. The court issues the following order.

On December 18, 2024, at the outset of this case, Magistrate Judge Veronica L. Duffy issued an order setting the rules of discovery because Richmond was proceeding in this matter pro se. *See* Docket 19. Throughout the course of the case, Richmond has had five attorneys represent him. *See* Docket 3; Docket 21; Docket 57; Docket 61. Although Richmond was represented by counsel, on October 17 and 20, 2025, he filed two pro se

motions to dismiss the indictment, a pro se motion for discovery and preservation of evidence, and a pro se motion to continue the trial. *See* Docket 95; Docket 96; Docket 99; Docket 100.

On October 27, 2025, the court held a status conference concerning Richmond's pro se motion to continue the trial. *See* Docket 95; Docket 98; Docket 107. There, Richmond informed the court that he had terminated his retained counsel and confirmed that he would proceed pro se. *See* Docket 107; Docket 111. The court subsequently granted counsel's motion to withdraw and Richmond's motion to continue the trial. Docket 110; Docket 111. Since then Richmond has been proceeding pro se. *See* Docket 109; Docket 111. At the status conference, the court directed the United States to respond to Richmond's motions to dismiss. The United States timely responded to the motions to dismiss and motion for discovery. *See* Docket 114; Docket 116.

Also on October 27, 2025, Magistrate Judge Duffy reinstated the previous discovery order in which, as relevant here, she advised both parties "that they must engage[] in a good faith effort to resolve any discovery disputes prior to filing a written discovery motion with the court. The court will not entertain any discovery motion if this meet-and-confer requirement is not met." Docket 109. On November 17, 2025, Magistrate Judge Duffy recused herself from the present case under 28 U.S.C. § 455(a). Docket 121.

On November 18, 2025, this court issued an order denying Richmond's motion for discovery and preservation of evidence because the parties failed to engage in a good faith effort to resolve any discovery disputes as directed in

2

Magistrate Judge Duffy's discovery order (*see* Docket 109). Docket 122 at 2. On November 25, 2025, after both parties fully briefed the issues, the court denied Richmond's motions to dismiss. Docket 123 at 1, 22.

Under 28 U.S.C. § 144, a party may seek recusal of a judge by filing a legally sufficient affidavit that demonstrates a personal bias or prejudice of the judge. *United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir. 1984). "An affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge." *United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970). The alleged bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from h[er] participation in the case." *Faul*, 748 F.2d at 1211 (citation omitted).

Even assuming Richmond's motion meets the legal definition of an affidavit, it is factually insufficient. To succeed on a personal bias claim, the movant must allege specific facts, not mere conclusions or generalities. *See Alexander v. Medtronic, Inc.*, 2012 WL 3724052, at *3 (W.D. Mo. Aug. 27, 2012). Richmond asserts that this court "has demonstrated a personal bias against" him by (1) continuing the unconstitutional actions of Magistrate Judge Duffy, who has now recused herself from this case; (2) enabling a pattern of prosecutorial misconduct; and (3) ignoring the ineffective assistance of counsel. Docket 124 at 2. Although Richmond's affidavit contains some factual allegations, they do not rise above the level of conclusions and generalities. *See id.* at 1-3. The court's rulings have been based solely on matters pending before

it and have not relied on anything outside of the record. To the extent Richmond is arguing that various rulings in this matter show that this court is biased against him, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion, and judicial remarks . . . that are critical or disapproving of, or even hostile to a party ordinarily do not support a bias or partiality challenge." *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 858 (8th Cir. 2021) (internal quotation marks omitted). Moreover, the discovery order about which Richmond complains was based on a ruling that was issued before Magistrate Judge Duffy recused herself. *Compare* Docket 19 and 109 (discovery orders), *with* Docket 121 (Magistrate Judge Duffy's recusal order). Both orders comply with the rules of discovery as laid out in the District of South Dakota's Local Rules and the Federal Rules of Criminal Procedure. *See* D.S.D. LR 16.1; Fed. R. Crim. P. 16.

      Richmond also indicates recusal is necessary under 28 U.S.C. § 455(a), which requires a judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This section requires disqualification "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Id.* (internal quotation marks omitted).

4

As the Eighth Circuit has held, "[t]he recusal statute does not provide a vehicle for parties to shop among judges . . . [or] require recusal every time a judge commits a procedural error or departs from protocol in some way." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988). In short, the question "is not whether the trial judge committed errors, but whether these errors create a reasonable inference that the Court has lost its impartiality. This question must be answered 'in light of the full record, not simply in light of an isolated incident.' " *Id.* (quoting *In re Federal Skywalk Cases*, 680 F.2d 1175, 1184 (8th Cir. 1982)).

Richmond contends that "[b]y enforcing [Magistrate] Judge Duffy's [discovery] order," this court "has become a party to th[e] conspiracy" as alleged in his civil complaint in case number 4:25-cv-04217-CCT. Docket 124 at 3. As such, Richmond states that this court "can no longer be considered an impartial judge in this case" and he "has no choice but to amend his RICO lawsuit to include Judge Schreier as a defendant for her role in perpetuating the unconstitutional discovery restrictions." *Id.*

The court finds that Richmond has not met his burden to demonstrate that recusal is appropriate under 28 U.S.C. § 455(a). Richmond's argument is essentially a "judge shopping" attempt to have his case reassigned to another judge. *See United States v. Urben-Potratz*, 470 F.3d 740, 745 (8th Cir. 2006). But 28 U.S.C. § 455(a) " 'does not provide a vehicle for parties to shop among judges' . . . [or] require recusal every time a judge departs from preferred protocol." *Id.* (quoting *Little Rock Sch. Dist.*, 839 F.2d at 1302). Furthermore,

5

Richmond's claims are brief and generalized, and they fail to explain how the court's alleged errors affect its ability to remain impartial. Even if the court did commit an alleged error, that error alone is not sufficient to show the type of prejudice or bias that warrants recusal. *See Little Rock Sch. Dist.*, 839 F.2d at 132. These alleged errors are best addressed on appeal. As such, Richmond's motion for recusal is denied.

      Finally, Richmond's motion for a default ruling on his motions to dismiss is denied. Richmond states that, on November 7, 2025, he filed "his second Motion to Dismiss documenting the same constitutional violations that the government failed to address in response to the first motion." Docket 125 at 1. Richmond explains that, on November 7, 2025, "this [c]ourt held a hearing on Defendant's [m]otion[s] to [d]ismiss[,]" where the court "ordered the government to file a response to Defendant's Motion to Dismiss within fourteen (14) business days." *Id.* Richmond asserts that the deadline for the United States to respond, which he alleges was November 26, 2025, passed without a response. *Id.* Thus, Richmond requests that this court grant his motions to dismiss as unopposed and dismiss all charges against him. *Id.* at 1-2.

      The facts on which Richmond relies in his motion, however, are inaccurate. On October 17 and 20, 2025—and not November 7, 2025, as Richmond asserts—Richmond filed two pro se motions to dismiss the indictment and a pro se motion to continue the trial while he was still represented by counsel. *See* Docket 96; Docket 100. On October 27, 2025, the court held a status conference concerning Richmond's pro se motion to

6

continue the trial. *See* Docket 95; Docket 98; Docket 107. There, Richmond informed the court that he had terminated his retained counsel and sought to proceed pro se. *See* Docket 107; Docket 111. The court subsequently granted counsels' motion to withdraw and Richmond's motion to continue the trial. Docket 110; Docket 111. At the status conference, the court also directed the United States to respond to Richmond's motions to dismiss, which the United States did two days later, on October 29, 2025. *See* Docket 114. Richmond filed a timely reply, *see* Docket 120, and the court has since issued an order denying Richmond's motions to dismiss, *see* Docket 123. Any assertion by Richmond that the United States failed to respond to his motions to dismiss is plainly incorrect. Because the facts underlying Richmond's motion are belied by the record, his motion for a default ruling is denied.

Thus, it is

ORDERED that defendant's motion for recusal (Docket 124) and motion for default ruling (Docket 125) are DENIED.

DATED December 3, 2025.

                                                BY THE COURT:

                                                */s/ Karen E. Schreier*
                                                KAREN E. SCHREIER
                                                UNITED STATES DISTRICT JUDGE