UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COURTNEY RICHMOND,<br><br>Defendant. | 4:24-CR-40139-KES<br><br>ORDER ON PENDING MOTIONS |

Defendant, Courtney Richmond, moves for a protective order, an order compelling discovery, sanctions, dismissal of the case, and an order unsealing case number 4:24-CR-40005-KES. Dockets 188, 198, 206, 209-11. Plaintiff, the United States of America, has filed a response to certain motions and has not yet responded to others. *See* Docket 204. The court issues the following order.

**I.    Motion for Protective Order**

In support of his motion for a protective order, Richmond argues that the government's actions constitute retaliation for exercising his constitutional rights, which includes the filing of a civil lawsuit and a petition for a writ of mandamus with the Eighth Circuit Court of Appeals challenging this court's jurisdiction. Docket 188 at 1. Richmond contends that the alleged retaliation includes eviction from his home by the Minnehaha County sheriff's department, setting an accelerated trial date without adequate notice, his false imprisonment, and the destruction of his property. *Id.* at 2. In support of these

arguments, Richmond cites to *BE & K Const. Co. v. NLRB*, 536 U.S. 516 (2002), 18 U.S.C. § 1512 (witness tampering), and 18 U.S.C. § 1513 (retaliating against a witness, victim, or informant). *Id.* Richmond requests this court (1) prohibit all government officials from taking any further adverse action against him, his family, or his property; (2) order the Minnehaha County Sheriff's Department to cease all contact with him; and (3) stay all proceedings pending a full investigation into these allegations. *Id.* at 3.

In response, the United States asserts that Richmond has identified no legal or factual basis for the issuance of a protective order. Docket 204 at 1. The United States contends that "[t]he sheriff's office is not involved in this case and that Richmond's problems appear to be a matter for state court in Minnehaha County rather than federal court." *Id.*

Under Federal Rule of Criminal Procedure 16(d)(1), the court may, for good cause, deny, restrict, or defer discovery, or grant other appropriate relief to protect a party or nonparty from disclosure of sensitive information. Fed. R. Crim. P. 16(d)(1). The Rule vests broad discretion in the trial court to issue protective orders to safeguard confidential materials, prevent undue burden, and preserve the integrity of ongoing investigations. *See United States v. Ladeaux*, 61 F.4th 582, 586 (8th Cir. 2023) (holding that Rule 16(d)(1) permits a district court to limit discovery for good cause and that a general protective purpose may suffice).

The moving party bears the burden to show good cause, but the Eighth Circuit has not required a particularized "specific prejudice or harm" showing

as is common in civil protective order cases under Rule 26(c). *See id.* at 585-86; *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa June 30, 1993) (describing the "specific harm" requirement under the civil rules for protective orders). Instead, the court may exercise discretion to determine whether the proposed protection is appropriate based on the purpose of the order, the nature of the materials, and the interests of the parties, without imposing a rigid factor test. *See id.* at 586.

    The court finds that Richmond has failed to show good cause for a protective order. Rule 16(d)(1) authorizes protective orders to safeguard sensitive materials, prevent undue burden, or preserve the integrity of ongoing investigations, and vests the court with broad discretion to tailor such protection. *See Ladeaux*, 61 F.4th at 586. Richmond's motion, however, is premised entirely on alleged retaliation for exercising his constitutional rights, including filing a civil lawsuit and a petition for writ of mandamus, and claims of eviction, accelerated trial dates, false imprisonment, and destruction of property. *See* Docket 188. These allegations relate to purported misconduct outside the scope of discovery and the materials or information that Rule 16(d)(1) is designed to protect. Richmond cites federal statutes and a Supreme Court case regarding retaliation, but none of these authorities establish that Rule 16(d)(1) authorizes prophylactic orders restraining government officials, directing a law enforcement agency to not act, or staying court proceedings in response to generalized allegations of misconduct.

Moreover, the relief requested—restraining all government officials, directing the sheriff's department to cease all contact, and staying proceedings—far exceeds the scope of a protective order. A protective order is intended to shield parties or nonparties from annoyance, embarrassment, oppression, or undue burden in connection with discovery, not to address generalized grievances or alleged retaliatory acts. Framing the motion as one to prevent "retaliation" does not transform these broad claims into good-cause grounds for Rule 16(d)(1) relief.

For these reasons, the court concludes that Richmond has not satisfied his burden to show good cause under Rule 16(d), and his motion for a protective order is denied.

## II.   Motions to Dismiss, Compel Discovery, Unseal Case, and for Sanctions

Richmond also moves for an order dismissing the case, compelling discovery, unsealing case number 4:24-CR-40005-KES, and granting sanctions. Dockets 198, 206, 209-11. Richmond argues that dismissal is warranted on multiple grounds. He contends that the court lacks jurisdiction and that the indictment is invalid; that he was arrested without a warrant and was never provided a copy of the indictment or arrest warrant; that this prosecution is vindictive and violates the Fifth Amendment's Double Jeopardy Clause; that the United States has failed to produce discovery; and that the evidence against him constitutes fruit of the poisonous tree. Docket 198 at 4-6; Docket 206 at 5-10; Docket 210 at 1-5.

The arguments raised in Richmond's motions to dismiss, however, have already been considered and rejected by this court in prior orders. *See* Docket 68 at 7 (Double Jeopardy Clause); *id.* at 8-9, Docket 123 at 7-11 (vindictive prosecution); Docket 123 at 14-16 (lack of jurisdiction); Docket 68 at 9-10, Docket 196 at 10-17 (discovery violations); Docket 123 at 16-20 (evidence tampering); Docket 196 at 4-7 (invalid indictment); *id.* at 8-10 (warrantless arrest).[1]

The only new argument that Richmond raises is that the Assistant United States Attorney assigned to this case has committed fraud on the court. Docket 198 at 5; Docket 210 at 3. Richmond contends that the prosecutor engaged in fraud "by falsely representing that the parties had reached a signed stipulation when, in fact, the 'Proposed Stipulation and Order' (Exhibit A) bears no signatures whatsoever." Docket 198 at 5. Richmond maintains that he did not sign the stipulation regarding his limited access to discovery and that the prosecutor "misrepresented to the Court that this was a valid, binding agreement[,]" intending to deceive the court and restrict his access to discovery. *Id.* Richmond attached an exhibit to his motion depicting an unsigned

---

[1] Richmond also argues that "[b]ecause [his] arrest was illegal, all evidence that followed is 'poisoned' " and should be suppressed. Docket 210 at 2. But this argument lacks merit. Because the court has already found that Richmond's arrest was not illegal, *see* Docket 44 at 13-15, 24; Docket 67; Docket 196 at 8-10, it follows that the evidence found thereafter is not fruit of the poisonous tree. *See Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963). But this does not include Richmond's statements made at the DEA office without proper *Miranda* warnings, which were suppressed and may not be used by the United States in its case-in-chief. Docket 44 at 24; Docket 67 at 7.

5

stipulation. *See* Docket 198-1. Richmond also argues that "presenting an indictment with a redacted signature line . . . deceive[s] the Court and the defendant into believing that a valid grand jury process has occurred." Docket 210 at 3. Richmond asserts that using the term "redacted" in lieu of a real signature "is a deliberate act of misrepresentation." *Id.*

      Richmond's arguments are unavailing. The record shows that on April 4, 2025, the parties filed a signed stipulation concerning Richmond's access to discovery in this matter. Docket 45 at 1-2. Any argument to the contrary is plainly contradicted by the record. Additionally, the redaction of the grand jury foreperson's name on the publicly filed indictment, *see* Docket 1 at 1-2, does not render the indictment invalid, nor does it support the claim that the prosecutor committed fraud on the court. "The signatures on the indictment . . . are a formality, and even the lack of signatures would not render an indictment invalid." *United States v. Morse*, 613 F.3d 787, 793 (8th Cir. 2010). As such, the redaction does not affect the validity of the indictment or suggest any improper conduct by the prosecutor. For these reasons, Richmond's motions to dismiss are denied.

      For similar reasons, Richmond's motions compelling discovery, unsealing case number 4:24-CR-40005-KES, and granting sanctions are denied. Richmond moves to compel all "dashcam footage, the indictment, the warrant (if any exists), and all materials from the sealed case." Docket 198 at 7. But the court already considered and rejected these contentions, including Richmond's arguments to unseal case number 4:24-CR-40005-KES. *See* Docket 196 at 8-

6

17; *id.* at 12 n.2. The court therefore declines to address them again here. And because Richmond's arguments are without merit, sanctions are unnecessary. As such, the court denies Richmond's motions.

Thus, it is

ORDERED that defendant's motions (Dockets 188, 198, 206, 209-11) are denied.

DATED February 11, 2026.

                                        BY THE COURT:

                                        */s/ Karen E. Schreier*
                                        KAREN E. SCHREIER
                                        UNITED STATES DISTRICT JUDGE